UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
v. ) 1:07-M-72M
)
JOAN GARCIA-GONZALEZ )

**ORDER OF DETENTION AND REMOVAL**

_____This matter was heard on July 13, 2007, before Magistrate Judge David L. Martin, pursuant to Rule 5 of the Federal Rules of Criminal Procedure, to determine whether Defendant Joan Garcia-Gonzalez ("Defendant") should be removed to the District of Puerto Rico to answer to an indictment filed against him there. Defendant, represented by counsel, waived his right to an identity hearing.

The Court, having heard argument on the matter of detention, finds that, although it is a close question, at present there are no conditions or combination of conditions that the Court can impose that would assure the appearance of Defendant in the District of Puerto Rico. Defendant has only resided in Rhode Island for several months and does not have significant financial ties to this District. Other than a girlfriend with whom he reportedly resides, he does not have any family in Rhode Island. He also has no family in Puerto Rico. In addition, the Court lacks information regarding: 1) the extent of Defendant's alleged involvement in the underlying money laundering offense; 2) whether Defendant was arrested and/or questioned by the police on

or shortly after March 1, 2005, the date on which the money laundering offense was allegedly committed;[1] and 3) what, if any, efforts were made to arrest Defendant on the warrant in Puerto Rico after it was issued on August 10, 2006.[2] Accordingly, it is hereby:

ORDERED, ADJUDGED, AND DECREED

that Defendant shall be removed forthwith to the District of Puerto Rico, in the custody of the United States Marshals Service.

This Order is not intended to foreclose the District of Puerto Rico from re-considering the issue of detention de novo once Defendant appears in that District. **Indeed, this Court believes that serious consideration should be given to releasing Defendant on conditions.** Defendant does not have a criminal record and enjoys legal status in the United States. He is not charged with a drug offense.[3] This Court made its detention

---

[1] At the July 13, 2007, hearing, defense counsel indicated that Defendant had been arrested and/or questioned by the police on or shortly after March 1, 2005, the date he allegedly committed the act of money laundering. Based on this fact, defense counsel observed that Defendant would have been aware of the possibility of prosecution in this matter since that time, but he did not leave Puerto Rico until December of 2006 or January 2007.

[2] Defense counsel noted that Defendant presumably was required to present identification at the airport when he departed, yet he was not arrested on the warrant at that time.

[3] The August 10, 2006, arrest warrant incorrectly states that Defendant is charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine. Defendant is actually charged with conspiracy to commit money laundering (Count 5) and money

decision without information about the extent of Defendant's alleged involvement in the underlying money laundering offense, the knowledge which he may have had on or after March 1, 2005, regarding the possibility of prosecution in this matter, the reasons for the delay in issuing the arrest warrant, and whether there is any evidence that Defendant sought to avoid arrest.[4] Furthermore, this Court has not made any findings concerning the strength of the evidence against Defendant. Lastly, the Court was also influenced by the fact that Defendant has limited financial resources and transporting him to Puerto Rico at government expense will spare him from having to pay the cost of such travel.

Enter:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 17, 2007

---

laundering (Count 11).

[4] If this information had been available and weighed in favor of release, this Court would have released Defendant with the condition that he appear in the District of Puerto Rico to answer to the indictment.

# United States District Court

## *District of Rhode Island*

UNITED STATES OF AMERICA
V.

JOAN GARCIA-GONZALEZ

**COMMITMENT TO ANOTHER DISTRICT**

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| CR06-254HL | | 1:07-MJ-72M | |

CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN

☒ Indictment ☐ Information ☐ Complaint ☐ Other (specify)

**charging a violation of** 21 U.S.C. § 841 AND 846

DISTRICT OF OFFENSE: PUERTO RICO

DESCRIPTION OF CHARGES: CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

CURRENT BOND STATUS:

☐ Bail Fixed at __________ and conditions were not met
☐ Government moved for detention and defendant detained after hearing in District of Arrest
☒ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

**Representation:** ☐ Retained Own Counsel ☐ Federal Defender Organization ☒ CJA Attorney ☐ None

**Interpreter Required?** ☐ No ☒ Yes Language: SPANISH

DISTRICT OF RHODE ISLAND

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

7/17/07 — Date

JEANNINE NOEL, DEPUTY CLERK — Judicial Officer / Clerk

RETURN

**This commitment was received and executed as follows:**

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

This form was electronically produced by John Etchells using Omniform Internet Publisher.