**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

FILED
JUL 17 2007
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

vs. CR 1:07-M-72M

JOAN GARCIA-GONZALEZ

**INFORMATIONAL MEMORANDUM MEMORIALIZING FACTORS DEFENDANT ARGUED IN SUPPORT OF BAIL AT THE RULE 40 HEARING**

Defendant sought bail in connection with the Rule 40 Hearing heard in the District of Rhode Island regarding the Warrant for Arrest and the Indictment filed in the United States District Court for the District of Puerto Rico in Criminal Action No. 06-254(HL) and made the following arguments.

1. There is no presumption against bail in the instant matter as the indictment charges conspiracy to commit money laundering and money laundering in Count Five and Count Eleven respectively against the defendant. While the indictment itself charges other defendants with narcotics offenses, the defendant, Joan Garcia-Gonzalez is not charged with said offenses. Therefore, the defendant is entitled to the consideration by this court of the least restrictive means of bail insuring his presence in the District of Puerto Rico to answer the indictment and that he will keep the peace and be of good behavior.

2. The Warrant for Arrest against the defendant, Joan Garcia-Gonzalez, wrongfully states that he is charged with conspiring to knowingly and intentionally and unlawfully possess with intent to distribute five kilograms of cocaine. The charge set forth in the Warrant for Arrest is not present in the indictment against the defendant and unnecessarily raised the specter of a narcotics offense in both the arrest of the defendant and his presentment in court. The government has argued in favor of detention the seriousness of the offense. However, the Warrant for Arrest itself raises a serious question about the accuracy of the documentation presented before the court. The Indictment in Count Five charges conspiracy to commit money laundering and the substantive count, Count Eleven, charges the act of money laundering. However, a

reading of both Count Five and Count Eleven indicates that the defendant is actually accused on or about March 1, 2005 of delivering narcotics proceeds as payment to a Colombian narcotics owner. A plain reading of the indictment suggests that the defendant is accused of being a courier of proceeds. That reading calls into serious question the sustainability of the underlying offense charged both as a conspiracy to commit money laundering and the Count Eleven charge of money laundering when the same requires a knowing agreement and intentional act to do the same, respectively, designed in whole or in part to conceal and disguise the nature, locations, source and ownership of proceeds.

3. Further the defendant appears before the court with a unblemished criminal record having no prior charges.

4. Defendant is legally present in the United States as confirmed by Pre-Trial Services and is a legal resident.

5. The defendant at the time of his arrest was gainfully employed, was earning approximately $160.00 per week and was residing in the home of his steady girlfriend in the District of Rhode Island.

6. The defendant being a modest wage earner is not possessed of real estate nor could be reasonably be expected to be. Requiring a form of security in defendant's case and for people similarly situated would hamper any recent immigrant of modest means from being admissible to bail and work an injustice.

7. The defendant indicated to pre-trial services that he formerly resided in the District of Puerto Rico. He has waived an identity hearing in this matter and states that with regard to the incidents complained of on or about March 1, 2005, some 27 months ago, that he believes he was arrested. Whether an actual arrest occurred or not he recalls he was at least stopped, questioned and he reports fingerprinted at the time of the alleged incident, questioned by police and released. He resided in the District of Puerto Rico for a period of time thereafter before coming to Rhode Island in December of 2006. The defendant reports that he flew from Puerto Rico, presented his passport and residency documentation at the airport, that he encountered no issues at that time. Considerable time has passed since the alleged incident. There has been a lack of arrest or apparent

concern with the defendant's whereabouts since that time. These facts completely counter the government's concerns that the defendant is now somehow a flight risk or would fail to keep the peace in this matter pending resolution of the instant indictment.

This concludes the memorialization of the arguments put forward in favor of bail.

Defendant Joan Garcia-Gonzalez
By his attorney,

George J. West, Esq. #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
(401) 861-9042
(401) 861-0330 Fax

CERTIFICATION

I hereby certify that on this 17th day of July, 2007, I forwarded a copy of the Informational Memorandum of Adi Goldstein, Esq., A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.